UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMONTHY D. HARRIS JR.,

      Plaintiff,

 v.

KING COUNTY SUPERIOR COURT,

      Defendant.

CASE NO. 2:20-cv-01575-RSM-BAT

**REPORT AND RECOMMENDATION**

  Plaintiff, a detainee pending criminal charges at the King County Regional Justice Center (RJC), filed a *pro se* complaint under 42 U.S.C § against defendant the King County Superior Court alleging defendant violated his right to a 60-day speedy trial violation. Dkt. 5 at 4. As damages, plaintiff seeks $500,000 for everyday he has been incarcerated awaiting trial and retrial "(still counting)." *Id.* at 9. The Court is required to screen complaints filed by prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

  For the reasons below, the Court recommends the complaint be **DISMISSED** without prejudice.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.    The Complaint**

Plaintiff alleges that on May 5, 2018, the King County Superior Court "stopped" his trial although there was a speedy trial expiration date of May 7, 2018. Dkt. 5 at 4. Plaintiff claims this violates his Sixth Amendment right to a speedy trial. *Id.* Plaintiff also alleges that on July 14, 2020, he requested a 60-day speedy trial and a trial date of September 9, 2020 was set. This trial date is a retrial of the 2018 case referenced above. On August 21, 2020, over plaintiff's objection, the King County Superior Court continued plaintiff's trial to October 19, 2020. On October 2, 2020, over plaintiff's objection, the Court again continued plaintiff's trial to November 30, 2020. Plaintiff also alleges on December 21, 2017, he was not indicted by a Grand Jury and instead the current charges he faces are contained in a criminal information in violation of the Fifth Amendment. *Id.* at 7.

**B.    Judicial Immunity**

Plaintiff alleges his right to a speedy trial was violated when his trial dates were continued over his objections. The order continuing his trial date obviously was issued by a King County Superior Court Judge. However, plaintiff is barred from bringing a § 1983 claim for damages against the King County Judge who continued his trial date because monetary damages against judges are barred by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted).

REPORT AND RECOMMENDATION - 2

**C.     On-going Criminal Proceedings**

Plaintiff's complaint also should be dismissed because he may not challenge the propriety of on-going or pending criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Plaintiff complains about the rulings made by a King County Superior Court judge regarding the timing of his criminal trial. However, a Federal Court will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria are satisfied here.  Plaintiff's proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm.  Therefore, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and it should be dismissed.

**D.     Grand Jury Indictment**

Petitioner claims his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment under the Fifth Amendment. The contention lacks merit because it has long been settled there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting

REPORT AND RECOMMENDATION - 3

claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

In conclusion, the complaint contains fatal flaws that cannot be cured by further amendment. The complaint makes allegations against a defendant who is immune from suit under § 1983. Plaintiff complains a judge continued his trial date over his objection. The judge is immune from suit for that ruling. Plaintiff also complains his Fifth Amendment rights were violated because he was not indicted by a Grand Jury. No federal right to be so charged in the state courts exists. As no amendment can cure these deficiencies leave to amend should be denied and the case should be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **NOVEMBER 30, 2020.** The Clerk should note the matter for **DECEMBER 4, 2020**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 16th day of November 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4